CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN - 4 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES ALLEN LESTER,** <br> Plaintiff, | Civil Action No. 7:15-cv-00590 |
| v. | **MEMORANDUM OPINION** |
| **DOUG BAKER,** <br> Defendant. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Charles Allen Lester, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming Captain Doug Baker of the Hyasi Regional Jail ("Jail") as the sole defendant. Plaintiff complains about the conditions of confinement at the Jail, including being unable to call his attorney, being "denied mental health," not having access to a library or commissary, not receiving free copies of his grievances, and not being "housed properly."

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not describe any personal act or omission by the defendant. Furthermore, liability under § 1983 may not be predicated on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Moreover, Plaintiff's dissatisfaction with the grievance system or responses does not state an actionable claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Accordingly, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted, and all pending motions are denied as moot.[1]

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).

ENTER: This 4th day of January, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge

---

The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2